**Electronically Filed
Intermediate Court of Appeals
CAAP-13-0000003
16-MAY-2013
09:29 AM**

NO. CAAP-13-0000003


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


DEBENHAM FAMILY LTD. PARTNERSHIP,
Plaintiff-Appellee,
v.
ZONING BOARD OF APPEALS OF THE CITY AND
COUNTY OF HONOLULU, DEPARTMENT OF PLANNING AND
PERMITTING FOR THE CITY AND COUNTY OF HONOLULU,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-1100)


ORDER DISMISSING APPEAL FOR LACK OF APPELLATE JURISDICTION
(By: Nakamura, C.J., Foley and Ginoza, JJ.)

Upon review of the record, it appears that we lack

jurisdiction over this appeal that Appellant-Appellant Debenham

Family, Ltd. Partnership (Appellant DFP) has asserted from the

Honorable Rhonda A. Nishimura's "Decision and Order Remanding

2010/ZBA-7 to the Zoning Board of Appeals" (Decision and Order)

filed on December 7, 2012, because the Decision and Order is not eligible for appellate review in the absence of a final judgment under Rule 72(k) of the Hawai'i Rules of Civil Procedure (HRCP) and the holding in <u>Jenkins v. Cades Schutte Fleming & Wright</u>, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994).

Hawaii Revised Statutes (HRS) § 91-15 (2012 Repl.) provides that "[r]eview of any final judgment of the circuit court under this chapter shall be governed by chapter 602." The Intermediate Court of Appeals has jurisdiction "[t]o hear and determine appeals from any court or agency when appeals are allowed by law[.]" HRS § 602-57(1) (Supp. 2012). The law provides that "[a]ppeals shall be allowed in civil matters from all final judgments, orders, or decrees of circuit . . . courts[.]" HRS § 641-1(a) (1993 & Supp. 2012). Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c) (1993). HRCP Rule 72(k)[1] requires that, upon a circuit court's determination of an administrative appeal, "the court having jurisdiction shall enter judgment[.]" Therefore, the separate document rule under the holding in <u>Jenkins</u> applies to an administrative appeal before a circuit court. <u>See</u>, <u>e.g.</u>, <u>Raquinio v. Nakanelua</u>, 77 Hawai'i 499, 500, 889 P.2d 76, 77 (App. 1995) ("We conclude . . . that the requirements for appealability set forth in <u>Jenkins</u> apply to appeals from circuit court orders deciding appeals from orders entered by the Director of Labor and Industrial Relations.").

---

[1] HRCP Rule 81(e) requires that the HRCP "shall apply to any proceedings in a circuit court pursuant to appeal to the circuit court from a governmental official or body (other than a court), except as otherwise provided in Rule 72."

The December 7, 2012 Decision and Order is not a judgment. On February 14, 2013, the circuit court clerk filed the record on appeal, which did not contain a final judgment. Absent an appealable final judgment, the Appellant DFP's appeal is premature and we lack jurisdiction over appellate court case number CAAP-13-0000003. Therefore,

IT IS HEREBY ORDERED that appellate court case number CAAP-13-0000003 is dismissed for lack of appellate jurisdiction.

DATED: Honolulu, Hawai'i, May 16, 2013.

Chief Judge

Associate Judge

Associate Judge